**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALEX MARKINO OLDACRE,

               Petitioner,

     - against -

PAUL ARTETA, ET AL.,

               Respondents.

**26-cv-2672 (JGK)**

**Memorandum**
**Opinion and Order**

**JOHN G. KOELTL, District Judge:**

On March 31, 2026, the petitioner, Alex Markino Oldacre ("Oldacre"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE") and seeking immediate release from ICE custody. See ECF No. 1.

On May 19, 2026, this Court denied the petition without prejudice, concluding that Oldacre was properly detained under 8 U.S.C. § 1226(c)(1)(E), as amended by the Laken Riley Act, and that the Laken Riley Act did not violate procedural due process or substantive due process, either facially or as applied. ECF No. 26; Oldacre v. Arteta ("Oldacre I"), No. 26-cv-2672, 2026 WL 1398650 (S.D.N.Y. May 19, 2026). The Clerk entered judgment against the petitioner on May 20, 2026. See ECF No. 27.

On June 3, 2026, Oldacre moved to alter or amend the Court's Memorandum Opinion and Order dated May 19, 2026, and the Judgment under Federal Rule of Civil Procedure 59(e) and requested an immediate

release or an immediate bond hearing before an immigration judge. ECF No. 28. For the reasons explained below, the motion is **granted in part** and **denied in part**.

## I.

The standard for relief under Rule 59(e) and the standard for reconsideration under Local Civil Rule 6.3 are identical. Sigmon v. Goldman Sachs Mortg. Co., 229 F. Supp. 3d 254, 256 (S.D.N.Y. 2017). "The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 3-cv-2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011).[1] "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly . . . ." Anwar v. Fairfield Greenwich Ltd., 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); see also Ortega v. Mutt, No. 14-cv-9703, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017).

## II.

In this case, Oldacre argues that Oldacre I rested on the erroneous premise that he remained charged with a series of state offenses, including

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

grand larceny in the fourth degree under New York Penal Law § 155.30(4) and petit larceny under New York Penal Law § 155.25. Pet'r's Mem. Supp. Mot. Alter or Amend J. ("Pet'r's Mem.") 2–4, ECF No. 29. In fact, Oldacre represents that those charges were dismissed four days before the Court issued the Memorandum Opinion and Order in Oldacre I, but that the dismissal was not brought to the Court's attention before the decision was issued. See id. at 2; Rogers Decl., Ex. A, ECF No. 30-1. Oldacre, therefore, argues that the dismissal of the underlying state charges "evaporate[s]" the statutory basis for his mandatory detention. See Pet'r's Mem. at 3–4.

Section 1226(c)(1)(E), also known as the "Laken Riley Act," is a recent enactment that requires the detention of an alien if two criteria are met. First, the alien must be inadmissible because the alien (1) is present in the United States without having been admitted or paroled, 8 U.S.C. § 1182(a)(6)(A); (2) obtained documents or admission through fraud or misrepresentation, id. § 1182(a)(6)(C); or (3) lacks valid documentation to enter the United States, id. § 1182(a)(7). Id. § 1226(c)(1)(E)(i). Second, the alien "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." Id. § 1226(c)(1)(E)(ii) (emphasis added). If those criteria are met, the statute provides that the "Attorney General shall take into custody" that alien. Id. § 1226(c)(1).

In <u>Oldacre I</u>, the Court found that, because Oldacre was then understood to be charged with larceny offenses covered by the Laken Riley Act, Oldacre was subject to mandatory detention under § 1226(c)(1)(E). 2026 WL 1398650, at *4. That understanding was mistaken. The charge against Oldacre had been dismissed, although neither the petitioner nor the Government brought that fact to the Court's attention.

However, courts addressing the issue have concluded that the statutory phrases "is charged with" and "is arrested for" impose a present-tense requirement, and therefore do not apply to a noncitizen who was previously charged with or arrested for a covered offense but whose charges have since been dismissed. <u>See, e.g.</u>, <u>Sidqui v. Almodovar</u>, No. 25-cv-9349, 2026 WL 251929, at *12 (S.D.N.Y. Jan. 30, 2026) ("[T]he text of § 1226(c)(1)(E)(ii) does not provide for mandatory detention where, as here, charges have been dropped." (quoting <u>Rueda Torres v. Francis</u>, No. 25-cv-8408, 2025 WL 3168759, at *5 (S.D.N.Y. Nov. 13, 2025))); <u>H.A. v. Genalo</u>, No. 26-cv-2706, 2026 WL 1159512, at *4 (S.D.N.Y. Apr. 28, 2026) ("Congress chose to use the present tense 'is charged with' instead of past tense terms like 'was' or 'has been' when defining the scope of the government's obligation to detain noncitizens."); <u>see also</u> <u>E.C. v. Noem</u>, No. 2:25-cv-01789, 2025 WL 2916264, at *11 (D. Nev. Oct. 14, 2025) ("[T]he statutory text's reference to a person who 'is charged with' or 'is arrested' for a theft-related offense, in the present tense, cannot be read to apply to a person [who] has previously been arrested for and charged with a crime where they have also been acquitted of the crime."); <u>Hairo v. Crawford</u>,

4

No. 2:25-cv-704, 2026 WL 286176, at *2 (E.D. Va. Feb. 3, 2026) ("[B]y using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute."). Accordingly, because Oldacre's charges have been dismissed, mandatory detention under 8 U.S.C. § 1226(c)(1)(E) no longer applies to him.[2]

Moreover, such mandatory detention would raise serious due process concerns. See Singh v. Chestnut, No. 1:26-cv-00546, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (concluding that mandatory detention based on a past arrest for which prosecutors dropped the charges because there was insufficient evidence would raise serious due process concerns); Rohit Lnu v. Chestnut, No. 1:26-cv-00016, 2026 WL 395882, at *4 (E.D. Cal. Feb. 12, 2026), report and recommendation adopted sub nom. Lnu v. Chestnut, No. 1:26-cv-00016, 2026 WL 623148 (E.D. Cal. Mar. 5, 2026).

Accordingly, the plain text of the Laken Riley Act shows that Oldacre cannot be detained pursuant to § 1226(c)(1)(E), and Oldacre's continued mandatory detention under that provision after the dismissal of his state charges would raise serious due process concerns.

## III.

In Oldacre I, the Court concluded that 8 U.S.C. § 1225(b) does not apply because Oldacre was already present in the United States when arrested and

---

[2] The Government concedes that it is not aware of any precedent holding to the contrary. See Gov't Resp. at 2, ECF No. 32.

was not at the "threshold of initial entry." 2026 WL 1398650, at *3 (citing Barbosa da Cunha v. Freden, 175 F.4th 61, 75 (2d Cir. 2026)). Because mandatory detention under § 1226(c)(1)(E) no longer applies to Oldacre, Oldacre may be detained only under § 1226(a), which authorizes discretionary detention following a bond hearing at which the Government bears the burden of showing, by clear and convincing evidence, that Oldacre poses a flight risk or a danger to the community. See Romero v. Francis, No. 25-cv-8112, 2025 WL 3110459, at *4 (S.D.N.Y. Nov. 6, 2025); Barbosa da Cunha, 175 F.4th at 75; Velasco Lopez v. Decker, 978 F.3d 842, 855–56 (2d Cir. 2020).

However, immediate release is not appropriate because pursuing administrative remedies at this stage—a bond hearing before an immigration judge at which the Government bears the burden of proof—would not be futile. See Romero, 2025 WL 3110459, at *3.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not addressed specifically, those arguments are either moot or without merit.

For the foregoing reasons, Oldacre's motion to alter or amend the Memorandum Opinion and Order dated May 19, 2026 is **granted in part** and **denied in part**.

The motion is **granted** as to the request for a bond hearing before an immigration judge. The motion is **denied** insofar as it seeks immediate release. No other relief is necessary at this time.

It is hereby ORDERED that the government shall, on a date at which the petitioner's counsel is available between June 12, 2026 and no later than June 19, 2026, provide the petitioner with an individualized bond hearing before an immigration judge. At that bond hearing, (1) the Government shall bear the burden of establishing, by clear and convincing evidence, that the petitioner poses a danger to the community or a flight risk; (2) the immigration judge must consider alternative conditions of release with respect to both dangerousness and risk of flight; and (3) if the immigration judge sets a monetary bond, the judge must consider the petitioner's ability to pay in determining the appropriate bond amount.

It is ORDERED that if the immigration judge grants the petitioner release from custody on bond or other conditions, the Government shall (1) transport the petitioner to 26 Federal Plaza in New York, New York for release during business hours; and (2) allow the petitioner to contact his counsel prior to departing the facility to arrange for transportation.

It is further ORDERED that the Government is enjoined from invoking any automatic stay of the custody decision, should the immigration judge determine that release on a bond is appropriate.

The Court shall retain jurisdiction to enforce this Order.

The Clerk is respectfully directed to close all open motions in this case.

**SO ORDERED.**

**Dated:**      **New York, New York**
              **June 11, 2026**

                                    _____
                                         John G. Koeltl
                                    **United States District Judge**

8